**Edgar Ruben Serrano BARILLAS; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72025.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2004.*

Decided April 26, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edgar Ruben Serrano Barillas, Phoenix, AZ, pro se.

Mayra Lilet Diaz Serrano, Phoenix, AZ, pro se.

Yemisis Josue Serrano Diaz, Phoenix, AZ, pro se.

Edgar Ruben Serrano Diaz, Phoenix, AZ, pro se.

Beverly Tatiana Serrano Diaz, Phoenix, AZ, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

## MEMORANDUM **

Edgar Ruben Serrano Barillas, his wife, and three children, all natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see *Meza–Manay v. INS*, 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

■ We conclude that the IJ properly ruled that, because Serrano Barillas was an officer in the intelligence wing of the Guatemalan army, any violence or threats he suffered at the hands of the guerrillas was job-related and not a ground for asylum. See *Cruz–Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir.2000) ("Persecution occurring because a person is a current member of a police force or the military, however, is 'not *on account of* one of the grounds enumerated in the Act.'"); see also *Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991) (holding that membership in armed services is not an automatic ground for asylum and that the military "is not a social group qualifying its servicemen or former servicemen for asylum eligibility").

Additionally, we conclude that the IJ was correct in ruling that asylum is not available on account of a personal vendetta against Serrano Barillas by a former army colonel. See *Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (stating that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

personal retribution is not persecution on account of political opinion).

Serrano Barillas's fear of returning to possible action taken by the army for his desertion is not a valid basis for asylum. *See De Valle v. INS,* 901 F.2d 787, 792 (9th Cir.1990).

Accordingly, we conclude that substantial evidence supports the IJ's conclusion that Serrano Barillas failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Serrano Barillas failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Serrano Barillas's contention that the BIA's streamlining decision fails to comport with the requirements of due process is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* No. 03–70477, petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.